UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | )   DOCKET NO.  2:24-cr-64-LEW |
| | ) |
| MICHAEL POSEY | ) |

**DEFENSE SENTENCING MEMORANDUM**

Michael Posey is scheduled for sentencing on January 6, 2025, at 3 p.m. We recommend a sentence of 15 years (180 months) followed by seven years of supervised release, with the standard and special conditions recommended in the PSR.

**PSR**

There are no unresolved objections to the revised PSR of 11/13/24 (ECF # 31). The PSR calculates an offense level 37, history I. PSR ¶ 69. There is a 180 month mandatory minimum period of incarceration and a 5 year minimum required period of supervised release. PSR ¶¶ 68, 71, 72.   The plea agreement includes a non-binding recommendation for a 15 year period of incarceration. ECF # 23, p. 3; PSR ¶ 70.

**Michael Posey**

Michael Posey is 50 years old.  He was arrested on April 24, 2024, in his home state

of Washington. Agents arrived at his home with a search warrant. Michael gave a full confession immediately. PSR ¶ 18. Michael had never physically been in Maine before his arrest. He initially appeared in Washington federal court before being brought to Maine. He has been at the Strafford County Jail for about seven months.

The statute requires a fifteen year minimum mandatory period of incarceration. The plea agreement recommends the court impose fifteen years. We suggest a sentence of fifteen years (180 months) is sufficient incarceration taking into consideration Michael's confession, admission, plea, remorse, and age. The period of incarceration will be followed by a lengthy period of supervision – we suggest seven years. Michael will also have to register in the state of his residence once released, likely for the balance of his life.

**Seriousness of the Offense**

The offense is serious. It victimized children. It utilized the "dark web." Michael provided his services as a moderator. However, he has pled guilty and accepts responsibility for his conduct. He is ashamed, remorseful, and understands why he will be spending a lengthy period of time in prison. He does not qualify for First Step Act earned time credit as the offense of conviction is specifically excluded by statute. Michael will serve the entire term imposed other than potential good time. Fifteen years for a fifty year old man, followed by seven years of supervision, sufficiently recognizes the seriousness of the conduct. Upon release, Michael will have to register as a sex offender, likely for the balance of his life.

**Overstated Guideline**

The applicable guideline, 2G2.2, includes several enhancements which apply in almost every case. These include the two level increases for images of a pre-pubescent minor and an additional two for use of a computer or interactive computer service (cell phone). §2G2.1(b)(2) and 2G2.1(b)(6). PSR ¶¶ 26, 28. These enhancements in particular are pointed out by the Sentencing Commission reports of 2012 and 2021. PSR ¶ 86. Almost every case of child pornography involves children under age 12 and the use of a cell phone or a computer. The guideline starts with a high base offense level. When certain aspects of an offense occur in almost every case, that conduct really is, or should be, part of the base offense level. If, for example, the court varied down the equivalent of 2 levels on this issue, a 35/I has a range of 168-210 months – making 180 months well above the low end of that range. See PSR ¶ 86.

**Childhood Abuse and Trauma**

His own childhood victimization does not change the harm caused by Michael's crime. However, in looking at punishment, Michael was sexually abused from age 5 through 9 by an older sibling who was arrested for the conduct. PSR ¶ 57. Michael explained to probation how the abuse is a source of trauma and the memories haunt him. *Id.*

**Adult Life**

Michael has gone through a series of ups and downs in life. He was bullied in high

school. PSR ¶ 65. He graduated from an alternative program called the Discovery Program in 1995 which stressed hands-on learning. *Id.* He had a relationship which may have produced a child, but paternity was never confirmed and the mother married someone else. PSR ¶ 59. Questions about that relationship and if he has an additional son continue to trouble Michael. Lacking any plan or guidance, Michael bounced around after graduation, living with his brother who exposed him to drugs. PSR ¶ 64. Michael eventually matured, became sober and has stayed away from drugs since about 2003. *Id.* He met his wife, Amy, in about 2010 and they married a year later. PSR ¶ 59. Michael was working and they had two children. Amy was in her early 20s and Michael was 36. Married life with two children apparently came too early for Amy and she engaged in several affairs, ultimately ending the marriage. The children were eventually placed with Amy's mother where they still reside. *Id.*

Michael tried some college and then got a job. He worked for about five years at Medford Technologies in the warehouse and as a machine operator. PSR ¶ 66. He obtained a better paying job in customer service with Avis car rentals, working at the Seattle Airport, a job he held until the time of his arrest. *Id.* While employed, he made consistent child support payments. PSR ¶ 59.

**Conclusion**

A sentence of fifteen years incarceration followed by seven years of supervised release with the standard and special conditions recommended in the PSR is a "sufficient but not greater than necessary" sentence under the §3553(a) factors and the facts and circumstances of the offense conduct and of Michael Posey. He is 50 years old. He confessed and accepts responsibility. He pled guilty quickly. He is remorseful. He had found a spiritual side and finds guidance in faith. He is a low risk to re-offend. He will also have to register in the location he resides, adding an additional layer of public safety.

DATE: December 30, 2024                     /s/ *David Beneman*

                                              David Beneman
                                              Attorney for Michael Posey

David Beneman
Federal Defender
P.O. Box 595
Portland, Me 04112-0595
207-553-7070 ext. 6921
David_Beneman@fd.org

**CERTIFICATE OF SERVICE**

I, **David Beneman**, attorney for **Michael Posey**, hereby certify that I have served, electronically, a copy of the **within "DEFENSE SENTENCING MEMORANDUM"** upon **Peter Brostowin**, Assistant United States Attorney, United States Attorney's Office, Portland, ME via the ECF system.

                                              /s/ *David Beneman*
                                              David Beneman

DATE: December 30, 2024